IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
03/13/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

JOHAN NGUN LING,

   Petitioner,

v.      Case No. 26-3031-JWL

KRISTI NOEM, Secretary,
 Department of Homeland Security;
TODD M. LYONS, Acting Director,
 U.S. Immigration and Customs Enforcement;
SAM OLSON, Field Office Director,
 U.S. Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General,

   Respondents.

## MEMORANDUM AND ORDER

  Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **March 23, 2026**, and shall provide notice to this Court when that release is effected.

  Petitioner is a native and citizen of Myanmar who was admitted to the United States in 2013 and who became a lawful permanent resident in 2015. Petitioner has been convicted of crimes in Indiana state court on three occasions, most recently in 2024. On February 7, 2025, immigration officials initiated removal proceedings against petitioner.

On July 3, 2025, petitioner's removal was ordered, but petitioner was granted withholding of removal to Myanmar, meaning that he may only be removed to an alternative third country. Petitioner is presently detained within this judicial district.[1] On February 17, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). As respondents concede, petitioner's removal period began on July 3, 2025, the date his removal order was issued and became final (as petitioner had waived appeal). *See id.* § 1231(a)(1)(B)(i). Specifically, petitioner claims that his detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

---

[1] Neither side has stated the exact date on which petitioner was taken into custody, but it appears to be undisputed that petitioner has been in custody at least since the time of the removal order.

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)).  The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699.  The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal.  It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal.  Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.  In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters.  But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted).  The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable

> future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." More than eight months have now passed since the start of the removal period, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Moreover, as petitioner notes, during that time officials have not identified a single alternative country to which petitioner might possibly be removed.

The Court further finds that respondents have not rebutted that showing by petitioner. Respondents' declarant states that local officials have communicated with their headquarters on various occasions to request third-country removal options, and that the State Department has been contacted for assistance. The declarant further states that in March 2026 national officials stated that petitioner had been "elevated" for third-country removal and that efforts to remove petitioner are ongoing. Neither respondents nor the declarant has identified a potential third country for removal, however, and it does not appear that any third country has actually been contacted concerning petitioner's removal

4

there. Nor have respondents and their declarant explained why there has been no such contact yet in over eight months, or when such contact will be made, or the likelihood that any particular country will accept petitioner. They have not identified any concrete steps taken to effect petitioner's removal other than officials' communications among themselves seeking updates. Respondents have not offered any specific analysis why this petitioner's removal is likely to occur anytime in the foreseeable future.[2]

In sum, respondents have not shown a significant likelihood that, even though officials have failed to remove petitioner to a third country in the eight months since issuance of the removal order, and even though they have not undertaken any specific or concrete steps to accomplish that removal, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **March 23, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release

---

[2] In recent cases, this Court has decried the absence of such analysis or explanation despite the Court's repeated complaints to that effect. *See, e.g.*, *Hassan v. Welsh*, 2026 WL 21234, at *3 (D. Kan. Jan. 5, 2026) (Lungstrum, J.).

petitioner from custody, subject to an appropriate order of supervision, by **March 23, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 13th day of March, 2026, in Kansas City, Kansas.

                                                  /s/  John W. Lungstrum
                                                  Hon. John W. Lungstrum
                                                  United States District Judge